**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**

IN RE:                                    BANKRUPTCY PROCEEDING

MATTHEW THOMAS LEWELLYN                    CASE NUMBER: 26-50526 KMS

---

PRIORITYONE BANK                          PLAINTIFF

VS.                          ADVERSARY PROCEEDING NO. _____

MATTHEW THOMAS LEWELLYN                    DEFENDANT

---

### COMPLAINT OBJECTING TO DISCHARGEABILITY OF A PARTICULAR DEBT

---

COMES NOW, PriorityOne Bank, by and through its counsel, and files this Complaint Objecting to Dischargeability of a Particular Debt against Matthew Thomas Lewellyn, and in support thereof, would show unto the Court the following:

<u>JURISDICTION</u>

1.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334, 28 U.S.C. §157, 11 U.S.C. §523, Rule 7001 of the Federal Rules of Bankruptcy Procedure and related code sections and rules.

2.

PriorityOne Bank consents to the jurisdiction of the Bankruptcy Court entering orders and final judgments.

Complaint<br>Page 1

PARTIES

3.

The Plaintiff is PriorityOne Bank (hereinafter "PriorityOne"). PriorityOne is a banking institution doing business in the Southern District of Mississippi. PriorityOne is represented by Derek A. Henderson, Attorney at Law, 1765-A Lelia Drive, Suite 103, Jackson, Mississippi 39216.

4.

The Defendant is Matthew Thomas Lewellyn, an individual residing in the Southern District of Mississippi and may receive service of process at 88 Twin Oaks Trace, Hattiesburg, Mississippi 39402. Matthew Thomas Lewellyn is represented by Thomas Carl Rollins, Jr., at the Rollins Law Firm, PLLC, PO Box 13767, Jackson, Mississippi 39236.

STATEMENT OF FACTS

5.

On March 31, 2026, Matthew Thomas Lewellyn filed his petition under Chapter 7 of the United States Bankruptcy Code before the United States Bankruptcy Court for the Southern District of Mississippi (Case No. 26-50526 KMS). Zachary S. Wessler, Sr. was appointed the Chapter 7 Trustee.

6.

On or about April 19, 2022, FS-1 Concepts, LLC executed a Commercial Promissory Note and Business Loan Agreement in the principal amount of $160,765.00 payable to and for the benefit of PriorityOne (Loan No. 51116560). FS-1 Concepts, LLC executed a security agreement on Furniture, Fixtures, Equipment and Inventory located at 1345 Flowood Drive, Rankin County, MS and a 2016 Ram 1500 (VIN 1C6RR7YG0GS248813). Also on April 19, 2022, Matthew Lewellyn

and Robert Cody Allen each executed an unlimited continuing guaranty. The collateral has been liquidated. The loan status is as follows:

| | |
|---|---|
| Principal as of 01/29/26: | $111,151.21 |
| Interest as of 01/29/26: | $3,855.45 |
| Late Fees: | $350.00 |
| Payoff as of 01/29/26: | $115,356.66 |
| Interest Rate: | 5.0% |

7.

On or about October 4, 2023, FS-1 Concepts, LLC executed a Commercial Line of Credit Agreement and Note in the principal amount of $400,000.00 payable to and for the benefit of PriorityOne (Loan No. 99059103). FS-1 Concepts, LLC executed a security agreement on a Blanket Lien of Equipment, Furniture, Fixtures, and All Accounts executed by FS-1 Concepts, LLC. Also on October 4, 2023, Matthew Lewellyn and Robert Cody Allen each executed an unlimited continuing guaranty. The collateral has been liquidated. The loan matured on June 4, 2025. The loan status is as follows:

| | |
|---|---|
| Principal as of 01/29/26: | $352,817.93 |
| Interest as of 01/29/26: | $22,968.75 |
| Late Fees: | $300.00 |
| Payoff as of 01/29/26: | $376,086.68 |
| Interest Rate: | 7.25% |

8.

On or about August 14, 2024, FS-1 Concepts, LLC executed a Commercial Promissory Note in the principal amount of $130,000.00 payable to and for the benefit of PriorityOne (Loan No. 990513726). FS-1 Concepts, LLC executed a security agreement on All Business Inventory located at 88 Twin Oaks Trace, Hattiesburg, MS 39402. Also on August 14, 2024, Matthew Lewellyn and Robert Cody Allen each  executed an unlimited continuing guaranty. A copy of the promissory note,

security agreement, unlimited continuing guaranty, and UCC Financing Statements are attached hereto and marked as Exhibit "1". The loan matured on April 15, 2025. The loan status is as follows:

| | |
|---|---|
| Principal as of 01/29/26: | $130,000.00 |
| Interest as of 01/29/26: | $11,147.50 |
| Late Fees: | $89.00 |
| Payoff as of 01/29/26: | $141,236.50 |
| Interest Rate: | 9.0% |

This third loan is referred to herein as the "El Ranchito Loan".

9.

The El Ranchito Loan was set up as an advance for FS-1 Concepts, LLC ("FS-1") to provide equipment and service in the construction of the El Ranchito III restaurant. Matthew Thomas Lewellyn on behalf of FS-1 submitted a Quote dated July 30, 2024 to PriortyOne to confirm the agreement between FS-1 and El Ranchito. Robert Cody Allen was included in the email submitting the information. The Quote provided for a job of $260,465.37. A copy of the Quote is attached as Exhibit "2". PriorityOne was requested to loan fifty percent (50%) of the Quote or $130,000.00, which the bank agreed to do. As El Ranchito paid invoices, the funds were to be paid to PriorityOne as its collateral.

10.

At the time of the El Ranchito Loan, the restaurant had already paid $133,957.66 on December 28, 2023 by Check No. 1001. A copy of the check is attached as Exhibit "3".

11.

The El Ranchito Loan closed on August 14, 2024 with PriorityOne providing $130,000.00 to FS-1.

12.

Thus, with the loan, FS-1 had received the El Ranchito initial payment of $133,957.66 plus the loan proceeds of $130,000.00 for a total of $269,957.66.

13.

Only nine (9) days after the El Ranchito Loan closed, El Ranchito paid $48,613.73 on the invoice. (See Check No. 1020 attached and marked as Exhibit "4").

14.

On October 9, 2024, El Ranchito paid $40,066.83 on the invoice.  (See Check No. 1043 attached and marked as Exhibit "5").

15.

On January 3, 2025, El Ranchito paid $47,418.44 on the invoice.  (See Check No. 1061 attached and marked as Exhibit "6").

16.

In summary, after the El Ranchito Loan was made, El Ranchito paid -

| | | |
|---|---|---|
| 08/23/24 | Check No. 1020 | $48,613.73 |
| 10/09/24 | Check No. 1043 | $40,066.83 |
| 01/03/25 | Check No. 1061 | $47,418.44 |
| | Total: | $136,099.00 |

None of these funds were paid to PriorityOne to repay the El Ranchito Loan.

17.

Therefore, FS-1 received (i) $133,957.66 as an initial payment, (ii) $130,000.00 loan proceeds, and (iii) $136,099.00 as additional invoice payments for a total of $400,056.66 related to

the El Ranchito job.

18.

Matthew Thomas Lewellyn ("Lewellyn") and Robert Cody Allen ("Allen") were the members and managers of FS-1 Concepts, LLC.

19.

Lewellyn and Allen were at all times in control and managed FS-1 Concepts, LLC.

20.

Lewellyn and Allen on behalf of FS-1 Concepts, LLC accepted the El Ranchito payments without paying PriorityOne and converted the funds to the detriment of PriorityOne.

21.

Lewellyn and Allen used PriorityOne's misappropriated proceeds for personal enrichment and payments to entities or persons they owed.

22.

Lewellyn and Allen authorized payments to others at times when they knew that FS-1 was required to turn over the El Ranchito payments to PriorityOne.

23.

Lewellyn and Allen had both signed the loan documents with PriorityOne.

24.

Lewellyn and Allen's conduct constitutes fraud and/or conversion. Lewellyn and Allen caused FS-1 to be used for the purpose of perpetrating and did perpetrate an actual fraud upon PriorityOne.

25.

Lewellyn and Allen's actions were dishonest with the intent to hinder, delay and defraud PriorityOne.

26.

As members and managers of FS-1, Lewellyn and Allen cannot escape liability where each had direct participation in the wrongdoing and were controlling figures in the FS-1 activity. Lewellyn and Allen are jointly and severally liable for their acts committed while in service of FS-1.

27.

Apart from their status as FS-1's members and managers, both Lewellyn and Allen are each personally liable under Mississippi law for his direct participation in conversion of PriorityOne's proceeds and fraudulent activity.

28.

Lewellyn and Allen were the decision makers and controlled all financial activity on FS-1 accounts.

29.

Lewellyn and Allen knowingly breached the loan agreement with PriorityOne. Lewellyn and Allen did fraudulently and wrongfully take away money of PriorityOne with the intent to convert the funds to Lewellyn, Allen and/or FS-1's use and with intent to permanently deprive PriorityOne of the funds.

30.

Lewellyn and Allen intended to cause - and in fact did cause - injury and harm to PriorityOne. Lewellyn and Allen had a subjective motive to cause harm to PriorityOne or at the very least, there

was an objective substantial certainly that harm and loss would result to PriorityOne.

31.

At all time FS-1 was under the instruction, supervision, and direction of Lewellyn and Allen. FS-1 and its funds were controlled by Lewellyn and Allen. The specific actions of Lewellyn and Allen have caused damages to PriorityOne in the amount of the El Ranchito payments of $136,099.00 ("Indebtedness").

32.

Lewellyn is liable for his personal conduct described herein above. His direct participation in the conversion, diversion, concealment, and misappropriate of PriorityOne's funds supports a determination of non-dischargeability.

COUNT ONE - OBJECTION TO DISCHARGE
(11 U.S.C. §523(a)(2)(A))

33.

The Plaintiff incorporates and re-alleges herein by reference Paragraphs 1 through 32 above.

34.

Based upon the totality of the circumstances, Lewellyn had no intention of performing the obligations owed to PriorityOne. But, PriorityOne relied upon Lewellyn to complete his obligations in good faith and in an honest manner. Lewellyn fraudulently induced PriorityOne to participate in the loan agreement. Specific money belonging to PriorityOne was obtained by fraud and then resulting Indebtedness arising from Lewellyn's wrongful actions is excepted from discharge pursuant to 11 U.S.C. §523(a)(2)(A).

## COUNT TWO - OBJECTION TO DISCHARGE
### (11 U.S.C. §523(a)(4))

35.

The Plaintiff incorporates and re-alleges herein by reference Paragraphs 1 through 34 above.

36.

Lewellyn was a member, manager and a controlling individual of FS-1. Thus, Lewellyn's relationship to FS-1 and obligations to PriorityOne involved trust-type obligations imposed by law. As a managing member of FS-1, Lewellyn is liable for his own misconduct.

37.

Further, Lewellyn intended and knew that his knowledge of and/or gross recklessness as to improper conduct towards PriorityOne was a breach of his relevant fiduciary duties. Lewellyn consciously disregarded and/or willfully was blind to the substantial and unjustified risk that his conduct would violate his fiduciary duty. Lewellyn's conduct was a gross deviation from the standard of conduct that a law-abiding person would observe. The Indebtedness owed to PriorityOne is excepted from discharge pursuant to 11 U.S.C. §523(a)(4).

## COUNT THREE - OBJECTION TO DISCHARGE
### (11 U.S.C. §523(a)(6))

38.

The Plaintiff incorporates and re-alleges herein by reference Paragraphs 1 through 37 above.

39.

Lewellyn caused willful and malicious injury to PriorityOne. Lewellyn's actions as set forth above were deliberate and intentional, not merely reckless or negligent. Lewellyn acted with the intent to cause injury to PriorityOne or alternatively, with knowledge that his actions were

substantially certain to cause such injury. Lewellyn knowingly used and converted PriorityOne's restricted funds rather than turn the funds over to PriorityOne. Lewellyn's conduct is without just cause or excuse.

40.

Lewellyn's misconduct resulted in a deliberate and/or intentional injury to PriorityOne. There was a substantial certainty that PriorityOne would be harmed as a result of Lewellyn's actions. Lewelllyn had knowledge of PriorityOne's rights to the funds and Lewellyn knew that his misconduct and actions would cause a particularized injury to PriorityOne.

41.

There is no evidence that Lewellyn made any effort to ensure that PriorityOne received its money. To the contrary, Lewellyn immediately began his misuse and misappropriation of PriorityOne's money. The Indebtedness owed to PriorityOne is excepted from discharge pursuant to 11 U.S.C. §523(a)(6).

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, PriorityOne Bank requests the Court to find that its Complaint is well taken and should be granted. PriorityOne Bank requests that judgment be entered in its favor and against the Defendant, Matthew Thomas Lewellyn as follows:

A)      Judgment in the amount of $136,099.00 as a non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A) under Count One;

B)      Judgment in the amount of $136,099.00 as a non-dischargeable pursuant to 11 U.S.C. §523(a)(4) under Count Two;

C)      Judgment in the amount of $136,099.00 as a non-dischargeable pursuant to 11 U.S.C. §523(a)(6) under Count Three;

D)      Plus attorney fees, costs and expenses in pursuit of this Judgment; and

E)      All and other general and equitable relief in which PriorityOne Bank would be entitled and appropriate as determined by the Court.

Respectfully submitted,

PRIORITYONE BANK

By:     s / Derek A. Henderson
DEREK A. HENDERSON
ATTORNEY FOR PRIORITYONE BANK

**Derek A. Henderson, MSB #2260**
**Anna Claire Henderson, MS Bar #106230**
**1765-A Lelia Drive, Suite 103**
**Jackson, Mississippi 39216**
**Telephone: (601) 948-3167**
**derek@derekhendersonlaw.com**
**annaclaire@derekhendersonlaw.com**